```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```
_____

TSVETANA PETLESHKOVA            )
                                )
        Plaintiff,              )
                                )
v.                              )     No. 22-cv-2411-JTF-tmp
                                )
JUSTIN GEE,                     )
                                )
        Defendant.              )
_____

**ORDER GRANTING IN PART MOTION FOR TEMPORARY STAY OF DISCOVERY AND MEDIATION**
_____

Before the court is *pro se* plaintiff Tsvetana Petleshkova's Motion for Temporary Stay of Further Discovery and Mediation.[1] (ECF No. 29.) Defendant Justin Gee filed a response on January 26, 2023, which stated that he does not oppose a temporary stay. (ECF No. 32.) For the reasons below, the Motion is GRANTED in part.

On June 28, 2022, Petleshkova filed a *pro se* civil complaint alleging legal malpractice. (ECF No. 1.) On January 9, 2023, Gee filed a Motion to Dismiss arguing that Petleshkova is not the real party in interest and that the real party in interest has not been joined in this action. (ECF No. 27.) On

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

January 12, 2023, Petleshkova filed the instant motion, seeking a stay of discovery and mediation until the court rules on the Motion to Dismiss. (ECF No. 29.)

It is well settled that a court has discretion to stay discovery pending determination of dispositive motions. Sanio v. Lifeblood Found., No. 08-2182 A/P, 2008 WL 114175539, at *2 (W.D. Tenn. Oct. 24, 2008) (citing Nichols v. Baptist Memorial Hosp., No. 02-2561, 2004 WL 2905406, at *2 (W.D. Tenn. April 2, 2004)). In deciding whether a stay of discovery is appropriate when dispositive motions are pending, the court should consider, among other factors, whether the pending motion will dispose of the entire case, whether discovery is necessary to gather facts in order to defend against a dispositive motion, and whether the party seeking the discovery will be prejudiced by the delay. Id. Here, the Motion to Dismiss could dispose of the entire case, discovery is not necessary to gather facts to defend against the Motion to Dismiss, and neither party will suffer prejudice from the delay. Discovery and mediation deadlines are hereby stayed, at least until the undersigned enters a Report and Recommendation on the pending Motion to Dismiss. Once that Report and Recommendation is entered, the undersigned will revisit whether the stay should be lifted or continue.

IT IS SO ORDERED.

        s/ Tu M. Pham
        TU M. PHAM
        Chief United States Magistrate Judge

        January 27, 2023
        Date